VAN LONGYEAR, CSB NO. 84189
JENNIFER MARQUEZ, CSB NO. 232194
LONGYEAR, O'DEA AND LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, Ca. 95864
Telephone: (916) 974-8500
Facsimile: (916) 974-8510

Attorneys for Defendants, County of Sacramento
(also erroneously sued herein as the Sacramento County
Sheriff's Department and Correctional Health Services);
Sacramento County Sheriff's Department,
Sacramento County Jail Correctional Health
Services, Sheriff John McGinness, in his official capacity
as Sacramento County Sheriff and individually, Sandra Hand, M.D.,
in her official capacity as Medical Director of Sacramento County Jail
Correctional Health Services and individually, John O'Shaughnessy,
in his official capacity as Chief of Sacramento County Jail Correctional
Health Services and individually, Tamara Robinson, M.D,
Jacqueline Curry, R.N.
*collectively referred to as County Defendants*

# UNITED STATES DISTRICT COURT EASTERN DISTRICT

# OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| MARILEE ANN HEWITT, on behalf of herself and on behalf of her deceased son, WILLIAM FRANCIS SAMS, as his successor in interest, and as Administrator of the ESTATE OF WILLIAM FRANCIS SAMS, <br><br> Plaintiff <br><br> v. <br><br> COUNTY OF SACRAMENTO, et al. <br><br> Defendants. | **CASE NO: 2:07-CV-01037-DAD** <br><br> **STIPULATION AND AMENDED PROTECTIVE ORDER** |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:[1]

/////

---

[1] The parties are advised that the court has modified ¶¶ 6 & 7 of the proposed protective order. The amended language appears in italics.

1

1.      In connection with discovery proceedings in this action, the parties hereby stipulate that any party may designate documents as "confidential" under the terms of this Stipulation for Protective Order (hereinafter "Order").  The documents protected pursuant to this Order have not been made public and the disclosure of said documents would have the effect of causing harm.

2.      By designating documents as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.      Documents produced by a party shall be designated by the party as "confidential" by bates stamping copies of the document with the word "CONFIDENTIAL".  The producing party shall also watermark and/or affix legends to such documents using the words "CONFIDENTIAL - SUBJECT TO COURT ORDER."

4.      Documents designated as "confidential" under this Order (hereinafter, "Confidential Material"), the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

5.      Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel and independent office services vendors hired by such counsel).  Confidential Material may be provided to any expert retained for consultation and/or trial.  In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order with the Confidential Material.

6.      The Confidential Material produced pursuant to this Order will be redacted with respect to (i) home addresses; (ii) home or personal telephone numbers; (iii) social security numbers; and (iv) dates and places of birth.  Each redaction must be identified by showing what information has been redacted (*e.g.*, "address," "home telephone," "social security number," etc.)  This provision complies with Eastern District Local Rule 39-140.  *These redactions are authorized by the court in accordance with Eastern District Local Rule 39-140(b).*

/////

7. Should Confidential Material be included in any papers to be filed with the Court, *the filing party shall file a request for an order sealing the document or portions thereof pursuant to Eastern District Local Rule 39-141.*

8. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

9. This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any document under the terms of this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document.

10. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

11. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

12. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180

/////

/////

(one hundred eighty) days of final termination of this action, which shall be deemed to occur only when final judgement has been entered and all appeals have been exhausted.

**IT IS SO STIPULATED.**

Dated: March 24, 2009          LAW OFFICES OF GERI LYNN GREEN, LC

                               By: /s/ Geri Lynn Green
                                   GERI LYNN GREEN
                                   Attorney for Plaintiffs

Dated: March 24, 2009          BODE & GRENIER, LLP

                               By: /s/ Douglas C. Melcher
                                   DOUGLAS C. MELCHER
                                   PETER C. GRENIER
                                   Attorneys for Plaintiff/ Admitted Pro Hac Vice

Dated: March 24, 2009          PORTER SCOTT

                               By: /s/ Norman V. Prior
                                   NORMAN V. PRIOR
                                   HEATH LANGLE
                                   Attorneys for Defendant Dr. William G. Douglas

Dated: March 24, 2009          LONGYEAR, O'DEA & LAVRA, LLP

                               By: /s/ Van Longyear
                                   VAN LONGYEAR
                                   JENNIFER MARQUEZ
                                   Attorneys for County Defendants

**IT IS SO ORDERED.**

DATED: March 27, 2009.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.consent/hewitt1037.protectord